TEAGUE P. PATERSON, SBN 226659
**BEESON, TAYER & BODINE, APC**
483 Ninth Street, 2nd Floor
Oakland, CA  94607
Telephone:     (510) 625-9700
Facsimile:      (510) 625-8275
Email:            tpaterson@beesontayer.com

Attorneys for Defendant
JOINT BENEFIT TRUST

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# AT SAN FRANCISCO

| | |
|---|---|
| RICHARD CUEVAS, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>JOINT BENEFIT TRUST and TEAMSTERS LOCAL UNION 948,<br><br>                              Defendants. | Case No. 3:13-CV-00045-JST<br><br>**DEFENDANT JOINT BENEFIT TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(B)(1) & (6), AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:      May 2, 2013<br>Hearing Time:     2:00 p.m.<br>Courtroom:          9<br>Judge:                   Honorable Jon S. Tigar<br>Complaint Filed:  January 4, 2013 |

## NOTICE OF MOTION AND MOTION

**TO:   PLAINTIFFS AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on May 2, 2013 at 2:00 p.m. or as soon thereafter as the matter may be heard, in Courtroom 9 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Joint Benefit Trust ("JBT") will, and hereby does, move the Court for dismissal of the Complaint pursuant to FRCP 12(B)(1) and (6).

Defendant JBT's motion is based on the grounds that the Complaint fails to allege a cause of action pursuant to ERISA section 502(a)(1)(B), 29 U.S.C. section 1132(a)(1)(B) and the Court lacks

1

**DEFENDANT JBT'S NOTICE OF MOTION & MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(B)(1) & (6), AND MEMORANDUM OF POINTS & AUTHORITIES**
Case No. 3:13-CV-00045-JST

322533.doc

subject matter jurisdiction. This motion is based on this Notice of Motion, Memorandum of Points and Authorities, filed concurrently herewith, the pleadings in this case and any arguments made at hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Joint Benefit Trust ("JBT") is a collectively bargained labor-management multiemployer health and welfare plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), title 29 U.S.C. §§ 1001, *et seq*. (Complaint at ¶ 14). As a collectively-bargained labor-management trust fund, it is also governed by the Taft-Hartley amendments to the National Labor Relations Act -- the Labor Management Relations Act -- specifically 29 U.S.C. § 186(c)(5), which mandates that JBT be administered by a board of trustees, half of whom are appointed by sponsoring labor unions and the other half by sponsoring employers. As mandated by Taft-Hartley, JBT is an independent entity, separate and distinct to its sponsoring labor organizations and employers, as those terms are defined under the LMRA. JBT has adopted a Plan Document as required by ERISA section 402, which defines the eligibility, benefits and other terms and conditions of the health plan it administers.

The Complaint makes clear that this action is an employment dispute between Plaintiffs, who retired from their employment by their former employer, and their former employer defendant Teamsters Local Union 948 ("Local 948"). The Complaint alleges that Local 948 is an employer whose employees participate in JBT for the purpose of receiving health and welfare benefits as a condition of their employment (Complaint, ¶ 14). The Complaint further alleges that Local 948's employees participated in JBT not as a result of collective bargaining, but attendant to a "policy" adopted by Local 948 which provided that its employees would receive the same benefits provided for in certain collective bargaining agreements it negotiated on behalf of its members with employers (Id. at ¶ 49).

Plaintiffs allege that Local 948's Policy provided for paying premiums -- or "contributions" – to JBT in order to maintain their health and welfare benefits through retirement (Complaint ¶¶ 17, 23, 35, 41 & 46). The Complaint makes clear that the alleged Policy did not involve JBT, but was a

2

**DEFENDANT JBT'S NOTICE OF MOTION & MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(B)(1) & (6), AND MEMORANDUM OF POINTS & AUTHORITIES**
Case No. 3:13-CV-00045-JST

322533.doc

personnel policy adopted by Local 948 with respect to its employees. (Complaint ¶ 49). As recognized in the Complaint, if premiums are not paid, benefits can not be provided by JBT. Indeed, ERISA section 404's fiduciary requirements prohibit JBT from extending benefits where premiums are not paid; ERISA section 406 further prohibits ERISA trustees and fiduciaries from engaging in enumerated "prohibited transactions" and thereby forbids JBT from providing the benefits absent payment by the employer (a party in interest as defined under section 406); and ERISA sections 409 and 502(a)(2) would subject the Trustees of JBT to personal liability should they breach these provisions. (See 29 U.S.C. §§ 1104, 1106, 1109 & 1132(a)(2), respectively). Finally, Taft-Hartley forbids providing unpaid-for benefits to a participating employer's employees, as doing so would involve conferring a "thing of value" on an employer, prohibited by 29 U.S.C. section 186.

Plaintiffs' Complaint implicitly recognizes these axiomatic principles. Indeed a review of the Complaint reveals that not a single substantive allegation is leveled against JBT, nor is there any allegation that JBT has done anything wrong. Simply, Plaintiffs do not allege that JBT has failed to adhere to the terms of the health plan, nor applied the plan prejudicially against them. Nevertheless they sue JBT pursuant to ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), ERISA's civil enforcement provision that authorizes plan participants to enforce the terms of the plan's written plan document in order to obtain benefits provided thereunder. Making no reference to the JBT plan, nor identifying any specific terms of the plan that have been breached, the Complaint fails as a matter of law. Why then has JBT been sued? Merely for administrative convenience. The Complaint, at paragraph 60, alleges "JBT is named as a party herein for the limited purpose of ensuring that a full remedy may be ordered, including the reinstatement of health and welfare benefits for Plaintiffs under the JBT Plan." Although convenient to Plaintiffs, this maneuver is decidedly inconvenient and costly to JBT.

Nonetheless, this allegation clarifies the fact that Plaintiffs' claim is not ripe as against JBT. Assuming Plaintiffs prevail on their employment-based claim against Local 948, and thereby establish that Local 948 is obligated to continue paying their health care premiums to JBT, Plaintiffs' ERISA claim to enforce the terms of the JBT health plan would only then accrue, and only if JBT were then to subsequently deny them their benefits. As things stand, there is no "case or

3

**DEFENDANT JBT'S NOTICE OF MOTION & MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(B)(1) & (6), AND MEMORANDUM OF POINTS & AUTHORITIES**
Case No. 3:13-CV-00045-JST

322533.doc

controversy" involving JBT.

Putting aside ripeness, Plaintiffs have also failed to allege a viable section 502(a)(1)(B) claim to enforce the terms of the plan for the simple reason that the terms of the plan are neither implicated nor are sought to be enforced.  Finally, as detailed below, plaintiffs lack standing under ERISA, a fact that deprives this court of subject matter jurisdiction to hear this dispute as it pertains to JBT.  For these reasons, detailed below, JBT moves under Rule 12(b)(1) and (6) to dismiss the Complaint.

## II.  LACK OF FEDERAL SUBJECT MATTER JURISDICTION

Defendant JBT seeks to dismiss the Complaint's first cause of action brought pursuant to ERISA section 502(a)(1)(B), because the Court lacks subject matter jurisdiction.

### A.  No Case or Controversy Exists as to JBT

Where a defendant challenges subject matter jurisdiction, "the factual allegations of the complaint are presumed to be true, and the motion is granted only if plaintiff fails to allege an element necessary for subject matter jurisdiction." See 2A J. Moore, J. Lucas & G. Grotheer, Moore's Federal Practice, ¶ 12.07 (2d ed.1987); see also *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 731 (11th Cir. 1982); *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.1981), cert. denied, 454 U.S. 897 (1981); *Mortensen v. First Fed. Sav. & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir.1977). A claim should be dismissed for lack of subject matter jurisdiction (1) if the case does not "arise under" any federal law or the United States Constitution, (2) if there is no case or controversy within the meaning of that constitutional term, or (3) if the cause is not one described by any jurisdictional statute.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).

As recognized by the Ninth Circuit, an ERISA plaintiff must not only have statutory standing under section 502, but must additionally satisfy the separate requirement of constitutional standing. See *Harris v. Amgen, Inc.*, 573 F.3d 728, 735 (9th Cir.2009).  This means that a "plan participant must identify a statutory endorsement of the action and assert a constitutionally sufficient injury arising from the breach of a statutorily imposed duty." *Kendall v. Employees Retirement Plan of Avon Products*, 561 F.3d 112 (2d Cir. 2009).  Plaintiffs must therefore establish that they suffered an injury-in-fact as a result of JBT's alleged statutory violations.

///

4

**DEFENDANT JBT'S NOTICE OF MOTION & MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(B)(1) & (6), AND MEMORANDUM OF POINTS & AUTHORITIES**
Case No. 3:13-CV-00045-JST

322533.doc

Here, as explained above and below, Plaintiffs have neither identified a breach of a statutory duty on the part of JBT nor an injury resulting from any such breach.  Nonetheless, Plaintiffs request the Court to assert jurisdiction over JBT for the purpose of remedy, stating in their claim for relief: "That the Court declare, adjudge and decree that Defendant JBT must accept and reinstate plaintiffs…upon payment of premium contributions." (Complaint at ¶ 66(d).)  In other words, Plaintiffs seek prospective relief as to JBT should a future hypothetical event occur, namely, if the court orders Local 948 to pay the premiums  and JBT subsequently refuses to provide benefits to plaintiffs upon remittance of such premiums.

To have constitutional standing, a plaintiff seeking prospective injunctive or declaratory relief must "demonstrate a reasonable likelihood of future injury." *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918 (9th Cir.2003); *Central Delta Water Agency v. United States*, 306 F.3d 938, 947 (9th Cir.2002) (a plaintiff seeking prospective relief must show that she faces "a credible threat of future harm").  A claim is not sufficiently concrete or particularized to meet the case or controversy requirement of Article III "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir.2009).

Because the Complaint is devoid of allegations that JBT has done anything wrong, or that there is any reason to believe it will do anything wrong should Plaintiffs obtain the relief they seek against Local 948, no "case or controversy" currently exists.

### B. Plaintiffs Lack ERISA Standing with Respect to JBT

Because section 502(a)(1)(B) authorizes suits by "participants," "beneficiaries" or "fiduciaries" -- and no others -- individuals who do not satisfy the statutory definition of these enumerated terms lack standing to bring suit.  Consequently, a "federal court has no jurisdiction to hear a civil action under ERISA that is brought by a person who is not a participant, beneficiary, or fiduciary." *Harris v. Provident Life and Accident Ins*. Co., 26 F.3d 930, 933 (9th Cir. 1994).

Plaintiffs sue as participants which, under ERISA, are defined as: "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7).  In *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 117-118 (1989), the Supreme Court clarified the definition of "participant" for standing

5

**DEFENDANT JBT'S NOTICE OF MOTION & MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(B)(1) & (6), AND MEMORANDUM OF POINTS & AUTHORITIES**
Case No. 3:13-CV-00045-JST

322533.doc

purposes under section 502(a)(1)(B) to mean either "employees in, or reasonably expected to be in, currently covered employment," or former employees who "have ... a reasonable expectation of returning to covered employment" or who have "a colorable claim" to vested benefits. *Id*. Here, where plaintiffs are retired employees, they must establish a "colorable claim to benefits" under the terms of the JBT plan. "A former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, however, simply does not fit within the [phrase] "may become eligible" and therefore lacks standing." *Id*.

It is the settled law of this Circuit that a plaintiff's standing as a plan participant "must be decided as of the time of the filing of the lawsuit." *Harris*, 26 F.3d at 933 (citing *Olson v. General Dynamics*, 750 Corp., 960 F.2d 1418, 1422 (9th Cir.1991)); *Schultz v. PLM Int'l, Inc*., 127 F.3d 1139, 1142 (9th Cir.1997) (participant status is determined at the time suit is filed).

The prematurity of Plaintiffs' action against JBT is reflected in these jurisprudential precepts. As retirees, plaintiffs seek to establish that their right to benefits paid by Local 948 has been gained and vested through their employment. Indeed, absent establishing a requirement on the part of Local 948 to make premium payments, JBT has no place in this lawsuit (which the Complaint recognizes). Only after establishing entitlement to the tender of premiums to JBT would Plaintiffs then have the requisite standing to assert a colorable claim to vested benefits with respect to JBT. Because "participant" status is determined on the date on which suit is filed, and not at some future date contingent upon the success of their lawsuit against a third-party (their employer), Plaintiffs lack standing as participants with respect to JBT.

### C. Plaintiffs Have Failed to Exhaust Administrative Remedies

Federal ERISA doctrine is split as to whether a plaintiff's failure to exhaust ERISA-mandated administrative remedies deprives the court of subject matter jurisdiction, or is simply a factual predicate of a section 502(a)(1)(B) claim. In an abundance of caution, JBT incorporates the arguments relating to Plaintiffs' failure to exhaust administrative procedures, which are detailed in the sections below, herein.

///

///

6

**DEFENDANT JBT'S NOTICE OF MOTION & MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(B)(1) & (6), AND MEMORANDUM OF POINTS & AUTHORITIES**
Case No. 3:13-CV-00045-JST

322533.doc

### III.  PLAINTIFFS FAIL TO PLEAD AN ERISA CAUSE OF ACTION AS TO JOINT BENEFIT TRUST

Plaintiffs' cause of action against JBT is subject to dismissal under Rule 12(b)(6) because they have failed to properly allege a section 502(a)(1)(B) cause of action against JBT.  Plaintiffs neither cite nor articulate a provision of the JBT plan upon which they contend entitlement to JBT benefits.  Moreover, even if the court were to indulge Plaintiffs' hypothetical claims as to JBT's future breach of the terms of the plan, the Court would necessarily have to conclude that Plaintiffs' claims have not yet accrued under settled ERISA jurisprudence.  Finally, Plaintiffs have not properly alleged exhaustion of administrative remedies, nor can they because such exhaustion is a factual impossibility at this stage.

#### A.  **Plaintiffs Have Failed to Allege A Term of the ERISA Plan Under Which They Seek Relief**

Section 502(a)(1)(B) provides that a "civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  (29 U.S.C. § 1132(a)(1)(B).)  The linchpin to this cause of action is a present or future entitlement to benefits "*under the terms of the plan*."  This is no accident, as ERISA section 402(a)(1) requires all plans to be governed by a written instrument, referred to as the "plan document," that defines the terms of the plan. (29 U.S.C. § 1102(a)(1).)  Plaintiffs are entitled to proceed under section 502(a)(1)(B) only if they can articulate the plan provision they seek to enforce.

According to their Complaint, Plaintiffs do not seek to enforce any requirements set forth under the terms of the JBT plan, but allege an obligation on the part of their employer arising out of a promise made with respect to their employment (Complaint ¶¶ 29, 35, 41 & 46).  This promise, it is alleged, requires their former employer to pay premiums to JBT for the purpose of providing retiree health benefits.  The Complaint accepts that no benefits are due under the Plan unless the plaintiffs' former employer makes payment of premiums to JBT (Complaint at ¶ 55 & 60).  Indeed all material allegations regarding entitlement to retiree health coverage are asserted against Plaintiffs' former employer, and do not implicate the "terms of the [JBT] plan."  For example:

7

**DEFENDANT JBT'S NOTICE OF MOTION & MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(B)(1) & (6), AND MEMORANDUM OF POINTS & AUTHORITIES**
Case No. 3:13-CV-00045-JST

322533.doc

- "... Local 948 was discontinuing premium payments to the JBT" (Complaint at ¶¶ 19, 25, 31, 37, 43 & 47);
- "In electing to retire" plaintiffs relied upon "the promise made to him by Local 948 that he... would be guaranteed coverage un the JBT health plan" (Complaint ¶¶ 17, 23, 29, 35, 41 & 46); and
- The employer, Local 948, adopted a policy to provide retiree health benefits and thereby has a contractual obligation to make premium payments to the Trust (Complaint ¶¶ 49 & 53); and
- "Because of [Local 948's] failure and refusal to make the contributions set forth in paragraph 52 above, the JBT has discontinued all health and welfare benefits for each and every Plaintiff… ." (Complaint ¶ 55).

Thus, the only allegation regarding JBT relates to the effect of the employer's alleged failure to pay premiums to JBT. (Complaint at ¶ 55.)

What is the reason Plaintiffs name JBT as a defendant? The Complaint states: "Defendant JBT is named as a party herein for the limited purpose of ensuring that a full remedy may be ordered, including the reinstatement of health and welfare benefits through the JBT Plan." (Complaint ¶ 60.) In other words, although JBT has done nothing wrong, it must expend resources defending a lawsuit in which it appears to have no stake or involvement.

ERISA section 502(a)(1)(B) does not authorize the relief Plaintiffs seek nor does it provide a basis for their suit against JBT. Although Plaintiffs assert that section 502(a)(1)(B) authorizes them "to obtain other appropriate equitable relief, such as restitution, to redress violations" (Complaint ¶ 63), section 502(a)(1)(B) states nothing of the sort. See *CIGNA Corp. v. Amara*, 131 S.Ct. 1866, 1876-77 (2011) ("Where does § 502(a)(1)(B) grant a court the power to change the terms of the plan as they previously existed? The statutory language speaks of enforcing the terms of the plan, not of changing them") (internal quotes and cites omitted).

Fundamentally, "[a] plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Stewart v. National Educ. Ass'n*, 404 F.Supp.2d 122, 130 (D.D.C.2005) aff'd *Stewart v. National Educ. Ass'n*, 471 F.3d 169 (D.C.Cir. 2006). Indeed, "The Court may ... dismiss an action if the plaintiff is not entitled to a benefit they seek under the ERISA-regulated plan." *Id*. Where, as here, an ERISA plaintiff does not identify anything in the plan that entitles him or her to a particular benefit, the claim should be dismissed. See *Guerrero v. FJC Sec. Services Inc*. 423 Fed.Appx. 14, 16-17 (2d Cir. 2011).

8

**DEFENDANT JBT'S NOTICE OF MOTION & MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(B)(1) & (6), AND MEMORANDUM OF POINTS & AUTHORITIES**
Case No. 3:13-CV-00045-JST

322533.doc

Plaintiffs' Complaint concedes that they are not entitled to JBT benefits if their employer fails to make premium payments on their behalf.  Because they have not identified any plan provision that entitles them to benefits in the absence of payment of premiums, but name JBT for purely administrative convenience associated with their anticipated remedy, they have failed to make out a claim under section 502(a)(1)(B) which narrowly applies to claims "under the terms of the plan."

### B. Plaintiffs' Hypothetical Action Against JBT Has Not Accrued

It is axiomatic that a cause of action under section 502(a)(1)(B) "accrues at the time benefits are denied." *Menhorn v. Firestone Tire & Rubber, Co.*, 738 F.2d 1496, 1501 (1984) (reasoning that such a rule "avoid[s] the burden on the judicial system of multiple actions, some of which might be premature.")  Here, there has been no denial of benefits "under the terms of the plan."  With respect to Plaintiffs' claim to enforce the terms of the plan, their claim has not yet accrued as to JBT because they seek to enforce a condition precedent against their employer, that is, payment of premiums required as a result of an alleged promise made to them during the course of their employment.  Should this condition precedent be consummated, Plaintiffs' ERISA cause of action against JBT could proceed only in the event JBT were then to deny benefits under the terms of the plan and Plaintiffs subsequently fully availed themselves of the requisite administrative remedies.

### C. Plaintiffs Have Not Exhausted Their Administrative Remedies

The Ninth Circuit, along with all other circuits, has held that "before bringing suit under § 502, an ERISA plaintiff claiming a denial of benefits must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995).  Plaintiffs' Complaint contains the following vague allegation: "Plaintiffs have completed all administrative conditions precedent for the violations stated herein."  (Complaint at ¶ 58).  This allegation is insufficiently particular to satisfy federal pleading requirements, as described in *Twombly* and *Iqbal*. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

More importantly, this allegation of exhaustion is implausible with respect to JBT.  As alleged in the Complaint, Plaintiffs' action is predicated on their former employer's failure to make payment

of premiums to JBT; it is decidedly not predicated on an unjustified denial of benefits by JBT under the terms of the plan.  Only if premiums were paid and, subsequently, JBT unjustifiably denied the benefits associated with those premiums, would a section 502(a)(1)(B) claim for benefits under the terms of the plan arise.  But before proceeding to court on such a claim -- if it ever were to occur -- Plaintiffs would first be required to exhaust the internal remedies required under 29 CFR 2560.503-1 (and also contained in the terms of the JBT health plan).  For this reason, Plaintiffs' generic averment of exhaustion of internal remedies is factually implausible, as JBT could not have had a basis to decide the issue of entitlement to benefits under the terms of the plan, let alone submit it to the internal appeals process mandated by federal regulation.

In short, where Plaintiffs state that JBT is named for the "limited purpose of ensuring that a full remedy may be ordered" (Complaint at ¶ 60), they are putting the cart before the horse.  If Plaintiffs prevail in their lawsuit against their former employer to enforce an alleged obligation to pay premiums to JBT on their behalf, they will have an adequate remedy: review of any benefit denial under ERISA's procedural requirements and, failing that, suit under section 502(a)(1)(B).  Indeed, such remedies will include the full administrative remedies provided under ERISA, and routinely enforced by all Federal courts as a prerequisite to proceeding in court. Allowing Plaintiffs to invoke section 502(a)(1)(B) with respect to JBT at this premature stage will simply establish an exception to the orderly administration of ERISA benefit claims by circumventing the requirement that ERISA plans first review claims for denied benefits. *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir. 1980) ("sound policy requires the application of the exhaustion doctrine in suits under ERISA.")

### III.  CONCLUSION

For the foregoing reasons the complaint should be dismissed with prejudice.

Dated:  March 19, 2013                    BEESON, TAYER & BODINE, APC


                                          By:     /s/ Teague P. Paterson
                                                TEAGUE P. PATERSON
                                          Attorneys for Defendant JOINT BENEFIT TRUST

**DEFENDANT JBT'S NOTICE OF MOTION & MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(B)(1) & (6), AND MEMORANDUM OF POINTS & AUTHORITIES**
Case No. 3:13-CV-00045-JST

322533.doc