TEAGUE P. PATERSON, SBN 226659
ADRIAN BARNES, SBN 253131
**BEESON, TAYER & BODINE, APC**
483 Ninth Street, 2nd Floor
Oakland, CA 94607
Telephone: (510) 625-9700
Facsimile: (510) 625-8275
Email: tpaterson@beesontayer.com

Attorneys for Defendant
JOINT BENEFIT TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AT SAN FRANCISCO

| | |
|---|---|
| RICHARD CUEVAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOINT BENEFIT TRUST and TEAMSTERS LOCAL UNION 948, <br><br> Defendants. | Case No. 3:13-CV-00045-JST <br><br> **DEFENDANT JOINT BENEFIT TRUST'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) & (6)** <br><br> Hearing Date: May 2, 2013 <br> Hearing Time: 2:00 p.m. <br> Courtroom: 9 <br> Judge: Honorable Jon S. Tigar <br> Complaint Filed: January 4, 2013 |

## I. INTRODUCTION

Plaintiffs' opposition consists of the single contention that they may assert a cause of action against Defendant Joint Benefit Trust ("JBT") but in doing so need not be subject to Federal Rule of Civil Procedure 12(b)(1) or (6).[1] The mere reference to Rule 19 in their opposition papers, they assert, defeats JBT's motion with respect to the cause of action asserted against it. This argument seeks a striking extension of the law: The Complaint states clearly that JBT is a defendant, asserts a cause of action against JBT under ERISA section 502(a)(1)(B), 29 U.S.C. section 1132(a)(1)(B), and

---

[1] All references to any "Rule" are to the Federal Rules of Civil Procedure.

**DEFENDANT JOINT BENEFIT TRUST'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) & (6)**
Case No. 3:13-CV-00045-JST

1

326448_2.doc

further requests that the Court provide relief with respect to JBT (Complaint at para. 63). As explained below, having asserted a cause of action and requested a remedy, Plaintiffs must do so plausibly or their Complaint is susceptible to dismissal under Rule 12(b).

To be clear, the Complaint neither references Rule 19, nor assigns to JBT the status of a mere party in interest. Nor does the Complaint allege sufficient facts indicating JBT is a *necessary* party for purposes of Rule 19(a), as now contended by Plaintiffs. For these reasons, the authorities relied on by Plaintiffs with respect to Rule 19 are inapplicable and, indeed, courts will not absolve plaintiffs of their pleading requirements when asserting causes of action, or seeking relief from, purported necessary parties. Only where no cause of action or relief is asserted against the Rule 19 party, as in *Peabody*, *infra*, have courts declined to dismiss necessary parties for failure to state a claim by invoking Rule 19.

Further, with respect to JBT's Rule 12(b)(1) motion, as explained below, Rule 82 is clear that the Federal Rules of Civil Procedure cannot extend the Court's subject matter jurisdiction. As a result, to the extent Plaintiffs' action is unripe or the Complaint contains a defect stripping the Court of ERISA jurisdiction, Rule 19 may not be relied upon to remedy such unripeness or cure such a defect.

## II. REPLY ARGUMENT

Plaintiffs' opposition consists of the sole argument that Rule 19 provides a defense to the instant 12(b)(1) and (6) motions. The argument states that Joinder under Rule 19 does not necessitate assertion of a cause of action against a putative indispensable party. That may or may not be, but it is irrelevant because Plaintiffs *have* asserted a cause of action against JBT. The Complaint states clearly that the first cause of action under ERISA 502(a)(1)(B) is asserted against all defendants, and JBT is specifically named as a defendant. *See* Complaint at pp. 8-9. It is that cause of action that JBT seeks to dismiss for the reasons set forth in its motion papers.

Whether JBT will remain as an interested or indispensable party must be resolved under the factual inquiry authorized by Rule 19. But that question is not currently before the Court, and it is improper for Plaintiffs to attempt to insert it via their opposition to a motion to dismiss, especially when they have not forwarded any allegations with respect to Rule 19 in their Complaint. Rather,

the issues currently before the court are whether the first cause of action alleged against JBT is properly pled and whether the Court has subject matter jurisdiction over it. Plaintiffs concede, by their non-opposition to JBT's arguments on these issues, that the cause of action against JBT should be dismissed.

### A. Plaintiffs' Authorities Regarding Rule 19 are Misplaced

Plaintiffs rely primarily on *E.E.O.C. v. Peabody Western Coal Co.* for the proposition that Defendant JBT may be joined as an indispensable and necessary party under Rule 19. 400 F.3d 774 (9th Cir. 2005) ("*Peabody*"). In that case, the EEOC acknowledged that it was prohibited from asserting a cause of action against an Indian nation, and in fact the EEOC did not assert a cause of action against the Navajo Nation nor was it seeking any relief against it. *Id*. at 778, 783. Those facts were dispositive in the Court's view: "where the EEOC asserts a cause of action against Peabody and seeks no affirmative relief against the Nation, joinder of the Nation under Rule 19 is not prevented by the fact that the EEOC cannot state a cause of action against it." Discussing Supreme Court and sister circuit cases, the Ninth Circuit further noted: "As in *Teamsters*, *Espy*, and *Webb*, the EEOC has no claim against the party it seeks to join and is not seeking any affirmative relief directly from that party." Precisely because Plaintiffs have sued JBT under section 502(a)(1)(B) and seek relief with respect to it, is their action susceptible to dismissal for lack of subject jurisdiction and for failure to state a claim upon which relief can be granted. This point is apparent from *Peabody* as well as the various decisions discussed by the *Peabody* Court at 400 F.3d, 780-82. Each such decision discusses Rule 19 in the context of an action in which no cause of action or relief is asserted or sought against the absent, or Rule 19, party.

In discussing *Vieux Carre Prop. Owners v. Brown*, 875 F.2d 453, 457 (5th Cir. 1989) and *Davenport v. Int'l Brotherhood of Teamsters, AFL-CIO*, 166 F.3d 356, 366 (D.C.Cir. 1999), which hold that a cause of action must be asserted against a party to accomplish its joinder under Rule 19, the Ninth Circuit rejected that principle on the basis of an important factual distinction necessary to reconciling its holding with *General Building Contractors Association v. Pennsylvania*, 458 U.S. 375 (1982). The *Peabody* court stated:

///

**DEFENDANT JOINT BENEFIT TRUST'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) & (6)**
Case No. 3:13-CV-00045-JST

326448_2.doc

> We recognize that the Fifth Circuit has stated that 'it is implicit in Rule 19(a) itself that before a party ... will be joined as a defendant the plaintiff must have a cause of action against it.' *Vieux Carre Prop. Owners v. Brown*, 875 F.2d 453, 457 (5th Cir.1989); see also *Davenport v. Int'l Brotherhood of Teamsters*, AFL-CIO, 166 F.3d 356, 366 (D.C.Cir.1999) (quoting this statement from *Vieux Carre*). However, our circuit has never agreed with the rule stated in *Vieux Carre*. Moreover, the actual holdings of *Vieux Carre* and *Davenport* (as distinct from their abstract statement of the rule) can be reconciled with the Supreme Court's and with our own Rule 19 cases. In *Vieux Carre* and *Davenport*, the courts were answering different questions from the question in this case. In *Vieux Carre,* <u>the issue was whether the court could join under Rule 19 and then impose an injunction directly on a party against whom the plaintiff could not state a cause of action. The court held it could not</u>. 875 F.2d at 456-57. In *Davenport*, the issue was the same as in *Vieux Carre*. 166 F.3d at 366. The D.C. Circuit held in *Davenport,* "[i]t is not enough that plaintiffs 'need' an injunction against Northwest in order to obtain full relief. <u>They must also have a right to such an injunction, and Rule 19 cannot provide such a right</u>." *Id.*(emphasis added)

400 F.3d, at 782. Therefore, in *Peabody* the Ninth Circuit rejected the requirement that joinder under Rule 19 required asserting a cause of action, but *only where no relief was sought with respect to the joined party*. In its decision, the Ninth Circuit reviewed its Rule 19 jurisprudence noting instances where, like in *Peabody*, a party was joined only when neither a cause of action nor a demand for relief was asserted against the joined party. *Peabody* at 781-82. The Ninth Circuit's *Peabody* holding was necessarily narrow, therefore, in order for it to be reconciled with Supreme Court jurisprudence, stating: "The difference between the situation presented here, in which plaintiffs seek no affirmative relief against the Navajo Nation, and that in *Vieux Carre* and *Davenport*, in which plaintiffs sought injunctions against the party sought to be joined, is captured in the majority and concurring opinions in *General Building Contractors Association v. Pennsylvania*, 458 U.S. 375 (1982)." *Peabody* at 782 ("This is not to say that [the employer] defendants ... might not, upon an *appropriate evidentiary showing*, be retained in the lawsuit and even [be] subject to such minor and ancillary provisions of an injunctive order as the District Court might find necessary to grant complete relief.'" (quoting *General Building Contractors*, 458 U.S. at 399)(emphasis added).

At least one district court has had occasion to recognize the narrowness of *Peabody*. "Plaintiff may only join the non-federal Defendants so long as Plaintiff seeks no affirmative relief against them.... Under *Peabody*, the absence of a cause of action against the non-federal Defendants renders improper Plaintiff's attempt to join the non-federal Defendants and seek affirmative relief against

4

**DEFENDANT JOINT BENEFIT TRUST'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) & (6)**
Case No. 3:13-CV-00045-JST

326448_2.doc

them." *Quechan Indian Tribe of Fort Yuma Indian Reservation v. U.S. Department of Interior*, 2007 WL 2023487 (D. Ariz., July 12, 2007, CV07-0677-PHX-JAT).

Unlike in Plaintiffs' formulation, neither *Peabody* nor any other case stands for the proposition that Rule 19 absolves a plaintiff of proper pleading requirements where a cause of action is asserted against a party that, perhaps, may later be joined pursuant to Rule 19(a) upon "an appropriate evidentiary showing." No evidentiary hearing or due process has been afforded JBT with respect to inclusion in this action under Rule 19.

The clear limits of *Peabody* are directly implicated here, where Plaintiffs have alleged a cause of action against JBT and indicated entitlement to injunctive relief with respect to it. Rule 19 simply provides no protection in this instance and JBT is entitled to seek dismissal of the cause of action leveled against it under Rule 12(b).

### B. Rule 19 Does Not Resolve Plaintiffs' Ripeness and Standing Defects

Rule 19 provides no salve to cure Plaintiffs' ripeness and standing defects. Having failed to oppose Defendant's motion on these points, Plaintiffs have conceded them.

As affirmed by the Third Circuit: "Obviously, Rule 19(a) can only be utilized to bring in parties needed for just adjudication of the dispute set forth in the pleadings existing at the time of joinder. The concepts of 'just adjudication' and 'indispensable parties' necessarily assume the pre-existence of a controversy as contained in the pleadings, for which the joined party's presence is necessary if there is to be just adjudication." *La Chemise Lacoste v. General Mills, Inc*., 53 F.R.D. 596, 601 (D. Del. 1971), aff'd sub nom., 487 F.2d 312 (3d Cir. 1973);

Plaintiffs will only have standing to seek benefits from JBT upon establishing an obligation on the part of their employer to pay premiums to JBT. As a result, there is currently no "case or controversy" with respect to JBT. Should the court order Local 948 to pay premiums to JBT for the provision of health benefits, and should JBT refuse to provide the benefits, only then would there be a cognizable and ripe claim for relief with respect to JBT. At the current time, there is no controversy with respect to JBT, and, accordingly, JBT cannot be considered a necessary party.

Rule 82 provides that the Federal Rules of Civil Procedure may not be used to extend the jurisdiction of the federal courts. Plaintiffs invoke the Court's jurisdiction under ERISA. As

5

**DEFENDANT JOINT BENEFIT TRUST'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) & (6)**
Case No. 3:13-CV-00045-JST

326448_2.doc

detailed in JBT's motion papers, jurisdiction under section 502(a)(1)(B) does not arise until plaintiffs have established a colorable claim to benefits and have satisfied the requirements of submitting their claim in the first instance to the plan and fully exhausted federally-mandated internal administrative appeals. Plaintiffs admit they have done none of these, and have failed to oppose these points in their opposition papers. Accordingly, the Court is currently without jurisdiction over an action seeking benefits from JBT, and Rule 82 prohibits asserting jurisdiction through invocation of Rule 19. *Anderson v. U.S.*, 217 F.Supp. 814, 815 (E.D. Pa. 1963) ("Rule 82 precludes any construction of these rules which would extend this Court's jurisdiction. Rules 19 and 20, properly construed, necessarily presuppose the existence of jurisdiction."); *Letmate v. Baltimore and O. R. R.,* 311 F.Supp. 1059, 1062 (D. Md. 1970) "Federal Civil Rule 82 forecloses the possibility of using Rule 19 to extend jurisdiction."); *Coogan v. Deboer Properties Corp*., 354 F.Supp. 1058, 1059 (S.D. Tex. 1973) (same).

At least one District Court has noted specifically that Rule 19 may not override the substantive requirements of federal statutes. *E.g. Genetic Systems Corp. v. Abbott Laboratories*, 691 F.Supp. 407, 415 (D.D.C. 1988) ("joinder rules do not override the substantive requirements of the antitrust laws that form the basis for this Court's jurisdiction over plaintiff's claims.")

### *C. JBT is Not a Necessary Party*

Although premature and irrelevant with respect to deciding a motion brought pursuant to Rules 12(b)(1) and (6), it should be noted that Plaintiffs have failed to address or satisfy any of the factors required in order to be entitled to joinder under Rule 19. Because Plaintiffs' Rule 19 argument is raised for the first time in opposition to the instant motion, and the Complaint contains no allegations with respect to Rule 19, the question is not properly at issue before this Court. Indulging the argument, however, it is clear from the outset that it is unsupportable. This is because Plaintiffs complain of one thing and one thing alone: The refusal of their former employer to continue to pay premiums to JBT for the purchase of retiree health benefits. That cause of action simply does not involve JBT, nor is JBT necessary for the court to adjudicate the question of whether the premiums must be paid or whether their employer made an enforceable promise to provide retiree benefits to Plaintiffs for the rest of their lives.

6

**DEFENDANT JOINT BENEFIT TRUST'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) & (6)**
Case No. 3:13-CV-00045-JST

326448_2.doc

In similar contexts federal courts have found that plan sponsors are not indispensable parties to ERISA claims against plans, and vice versa. For example, considering a Rule 12(b)(7) motion to dismiss for failure to name an indispensable party, a district court declined to find that the health plan was am indispensible party, stating: "PerfectHealth's necessary-party argument relies upon the assumption that the plan must be named pursuant to ERISA. As discussed above, the issue of the proper party is, at this stage, a question of fact in this case, as is whether ERISA applies at all. The motion to dismiss pursuant to Rule 19(a) is therefore denied." *Niedermaier v. Warren Rosen & Co., Inc.*, 2012 WL 1142472 (N.D. Ill., Mar. 14, 2012, 10 C 0092). Other courts have held similarly, for example in *Walker v. Monsanto Co. Pension Plan*, 2006 WL 2802051 (S.D. Ill., Sept. 27, 2006, 04CV436 DRH), the District Court found that a plan sponsor (employer) was not an indispensable party in an ERISA § 502(a)(3) action alleged against the plan, noting "The gist of the Solutia Plan's argument is simply that Solutia, as the Plan sponsor, may be liable for a judgment against the Plan. In the Court's view, this issue is controlled by the settled rule, in both contract and tort, that a mere obligation to pay money in the event of a judgment does not render a party indispensable within the meaning of Rule 19(b)." (*Id*. (citing cases).)

Indeed recently the Ninth Circuit held *en banc* that section 502(a)(1)(B) actions could be asserted against any appropriate party, not only the plan. *Cyr v. Reliance Standard Life Insurance*, 642 F.3d 1202, 1204, 1207 (9th Cir. 2011) (en banc, overruling prior precedent; "an entity other than the plan itself or the plan administrator may be sued under that statute in appropriate circumstances.") Thus, although prior to *Cyr* there may have been grounds to assert an ERISA plan was a necessary party to a section 502(a)(1)(B) claim, as courts had found that such claims were only cognizable against the Plan, that is clearly no longer the case. Under ERISA jurisprudence therefore, there is no basis to conclude that JBT is a necessary party, and Plaintiffs have made no showing that JBT is indispensable to their action.

///

///

///

///

### III. CONCLUSION

For the foregoing reasons Defendant Joint Benefit Trust's motion to dismiss the Complaint against it should be granted.

Dated: April 9, 2013  BEESON, TAYER & BODINE, APC

By: /s/ Teague P. Paterson
TEAGUE P. PATERSON
Attorneys for Defendant JOINT BENEFIT TRUST

8

**DEFENDANT JOINT BENEFIT TRUST'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) & (6)**
Case No. 3:13-CV-00045-JST

326448_2.doc