UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD CUEVAS, et al.,
    Plaintiffs,
v.
JOINT BENEFIT TRUST, et al.,
    Defendants.

Case No. 13-cv-00045-JST

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: ECF No. 14

In this action for violations of ERISA, Defendant Joint Benefit Trust moves to dismiss the claim that Plaintiffs have asserted against it under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). As the motion is suitable for determination without oral argument, the hearing scheduled for June 27, 2013, is VACATED. See Civil L.R. 7-1(b). For the reasons set forth below, the motion is GRANTED WITH LEAVE TO AMEND.

## I.    BACKGROUND

**A.    Plaintiffs' Claims**

Plaintiffs Richard Cuevas, Daniel Abril, John Hailstone, Al Oliver, Charles Williams, and Sharon Mosley are retired employees of Defendant Teamsters Local Union No. 948 ("Local 948") and participants of the welfare benefit plan sponsored by Local 948 ("the plan"). Compl. ¶¶ 6-12, ECF No. 1. Plaintiffs received retiree medical coverage under the plan, which is administered by Defendant Joint Benefit Trust ("JBT"). Id. ¶ 12.

Plaintiffs allege that Local 948 promised them that it would pay for the plan's premiums after Plaintiffs retired and "guaranteed" them post-retirement coverage under the plan for themselves and their dependents. Id. ¶¶ 15-48. This promise allegedly is embodied in a collective bargaining agreement known as "the CPI Agreement." Id. ¶ 49. Plaintiffs allege that Local 948

has breached the terms of the CPI Agreement by discontinuing its premium payments to the plan and otherwise cancelling Plaintiffs' retiree medical coverage. Id. ¶¶ 53-55.

Plaintiffs assert the following two claims in the complaint: (1) denial of benefits under the Employment Retirement Income Security Act ("ERISA") against "all defendants"; and (2) age discrimination in violation of California Government Code Section 12940 against Local 948 only.

**B.     Jurisdiction**

The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367.

## II.     DISCUSSION

**A.     Plaintiffs Fail to State a Claim Against JBT**

JBT moves to dismiss the ERISA claim that Plaintiffs have asserted against it on the ground that the claim is unripe. JBT argues that, though the complaint is devoid of allegations showing that JBT has failed to meet its ERISA obligations with respect to the plan, Plaintiffs have nevertheless asserted a claim against it under 29 U.S.C. § 1132(a)(1)(B), which permits plan participants to bring an action to enforce their rights under an ERISA plan, among other things. See 29 U.S.C. § 1132(a)(1)(B) (providing that a participant of an ERISA plan may bring a civil action to "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"). JBT correctly notes that the allegations supporting this claim center on Local 948's breach of its contractual duty to pay premiums on the policy and its termination of Plaintiffs' benefits under the policy. Indeed, the only allegation in the complaint pertaining to JBT is that "JBT has discontinued all health and welfare benefits" under the plan "because of" Local 948's "refusal to make the contributions" at issue. Compl. ¶ 55. JBT contends that Plaintiffs' claim against it would become ripe only if two conditions are met: (1) Plaintiffs prevail on their claim against Local 948 and establish that Local 948 is obligated to continue paying the plan premiums at issue; and (2) JBT subsequently denies benefits to Plaintiffs under the plan.

Plaintiffs essentially concede in their opposition to JBT's motion that their claim against JBT is unripe. Indeed, they argue that they "do[] not assert violations of ERISA, nor any wrongdoing for that matter against Defendant JBT" but have joined it as a necessary party under

2

Rule 19. Opp'n at 3.

Because no party disputes that Plaintiffs' claim against JBT for denial of benefits under ERISA has not accrued, JBT's motion to dismiss the claim is GRANTED. See Menhorn v. Firestone Tire & Rubber Co., 738 F.2d 1496, 1501 (9th Cir. 1984) (holding that "an ERISA cause of action based on a denial of benefits accrues at the time the benefits [under the plan] are denied").

### B. JBT Is a Necessary Party to this Action

Plaintiffs argue that joinder of JBT is necessary to effectuate the complete relief they seek, as only JBT can reinstate Plaintiffs' enrollment and benefits under the plan if they prevail on their claims against Local 948. Plaintiffs further contend that a necessary party may be joined under Rule 19 even if no direct claim is asserted against that party.

"Under Rule 19(a), a party may be necessary in either of two ways. Under Rule 19(a)(1), a party is deemed necessary if complete relief cannot be granted in its absence. This factor is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action. In conducting the Rule 19(a)(1) analysis, the court asks whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties." Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 879 (9th Cir. 2004) (internal citations and quotation marks omitted). "Rule 19(a)(2) focuses on whether the absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests." Id. at 880.

The Court concludes that JBT is a necessary party to this action. Plaintiffs have shown that they would not be able to obtain complete relief without JBT, as only JBT can reinstate their rights under the plan in the event that they prevail on their claims against Local 948. For this reason, a failure to join JBT now could result in the filing of additional suits. That Plaintiffs do not have any viable claim against JBT at this point is immaterial to this finding. See E.E.O.C. v. Peabody W. Coal Co., 400 F.3d 774, 781 (9th Cir. 2005) (holding that "a plaintiff's inability to state a direct cause of action against an absentee does not prevent the absentee's joinder under

3

Rule 19").

JBT opposes its joinder under Rule 19, arguing that "federal courts have found that plan sponsors are not indispensable parties to ERISA claims against plans, and vice versa" and that ERISA actions "could be asserted against any appropriate party, not only the plan." Reply at 7. The Court is not persuaded by these arguments for two reasons.

First, the authorities that JBT cites in support of the proposition that a plan sponsor is not "indispensable" are inapposite, because Plaintiffs do not seek to join JBT as an indispensable party under Rule 19(b); instead, as discussed above, they seek to join it as a necessary party under Rule 19(a). See Niedermaier v. Warren Rosen & Co., Inc., No. 10-cv-0092, 2012 WL 1142472, at *2 (N.D. Ill. Mar. 14, 2012) (declining to dismiss an action on the basis that a party that had not yet been joined was not indispensable); Walker v. Monsanto Co. Pension Plan, No. 04-cv-436 DRH, 2006 WL 2802051, at *3-4 (S.D. Ill. Sept. 27, 2006) (holding that a plan sponsor was not an indispensable party to an ERISA action under Rule 19(b)). The inquiry under Rule 19(a) differs from the inquiry under Rule 19(b). Indeed, under Rule 19(a), a court must determine whether a party should be joined if feasible, whereas under Rule 19(b), a court must determine whether a case should proceed or be dismissed on the basis that the joinder of a necessary party under Rule 19(a) is not feasible. Here, no party disputes the feasibility of joining JBT. For that reason, the Court does not reach the question of whether JBT is an indispensable party under Rule 19(b).

Second, the opinion that JBT cites for the proposition that it "is clearly no longer the case" that an ERISA plan is a necessary party to an ERISA claim under Section 502(a)(1)(B) holds only that "potential liability under 29 U.S.C. § 1132(a)(1)(B) is not limited to a benefits plan or the plan administrator." See Cyr v. Reliance Standard Life Ins. Co., 642 F.3d 1202, 1207 (9th Cir. 2011). That a plaintiff may assert an ERISA claim against parties other than the plan or the plan administrator in no way precludes a finding that a plan or a plan administrator is a necessary party to an ERISA claim under Rule 19(a).

Accordingly, because Plaintiffs have shown that JBT is a necessary party to this action within the meaning of Rule 19(a), the Court grants Plaintiffs leave to amend the complaint to add JBT as a party under Rule 19(a). Any amended complaint shall state explicitly that no claim for

4

1 relief is asserted against JBT and that JBT is joined for the exclusive purpose of according
2 complete relief to Plaintiffs.

### IV. CONCLUSION

JBT's motion to dismiss Plaintiffs' claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B) is GRANTED. That claim is dismissed with respect to JBT only. Plaintiffs are granted LEAVE TO AMEND the complaint to join JBT as a necessary party under Rule 19(a), as discussed above.

**IT IS SO ORDERED**.

Dated: July 12, 2013

_____
JON S. TIGAR
United States District Judge