UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CUEVAS, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>JOINT BENEFIT TRUST, et al.,<br><br>    Defendants. | Case No. 13-cv-00045-JST<br><br>**TENTATIVE ORDER**<br><br>Re: ECF No. 24 |

**This tentative order is intended to help counsel prepare for oral argument on August 29, 2013. It is not an opinion of the Court and shall not be published or cited in any manner or for any purpose.**

In this action for the denial of benefits under the Employment Retirement Income Security Act of 1974 ("ERISA") and for age discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Defendant Teamsters Local Union No. 948 ("Local 948") moves to disqualify counsel for Plaintiffs. For the reasons set forth below, the motion is TENTATIVELY GRANTED.

## I.  BACKGROUND

**A. The Parties and Claims**

Defendant Local 948 is a labor organization that represents workers in collective bargaining with employers. Ochoa Decl. ¶ 2. Plaintiffs are retired employees of Local 948.[1] First Am. Compl. ("FAC") ¶¶ 6-11.

This action arises out of Local 948's alleged breach of a promise to pay for the premiums of Plaintiffs' retiree health-benefits plan. Plaintiffs allege that Local 948 promised them that they

---

[1] Plaintiffs are Richard Cuevas, Daniel Abril, John Hailstone, Al T. Oliver, Charles K. Williams, and Sharon Mosely.

would be guaranteed coverage under a health plan administered by the Joint Benefit Trust and that the premiums for such benefits would be paid by Local 948. Id. ¶¶ 19, 40-51. Plaintiffs further allege that this promise was "outlined in a collective bargaining agreement." Id. ¶ 52. Local 948 allegedly stopped paying for these premiums in March 2012. Id. ¶ 57. Plaintiffs aver that their age was "a motivating reason" for Local 948's decision to stop paying the premiums. Id. ¶ 76.

Plaintiffs assert the following two claims against Local 948: (1) denial of benefits in violation of ERISA, 29 U.S.C. § 1332(a)(1)(B); and (2) age discrimination in violation of FEHA.

**B.  Successive Representations by Plaintiffs' Counsel**

Plaintiffs are represented by Kenneth C. Absalom of the Law Office of Kenneth C. Absalom. Absalom Decl. ¶ 2. Absalom was Local 948's attorney before he was retained by Plaintiffs in connection with this action. Absalom Decl. ¶ 2; Ochoa Decl. ¶¶ 9, 13. Specifically, Absalom represented Local 948 from 2005 until 2007, and again from January 2009 to December 2011. Id.

Local 948 does not consent to Absalom's representation of Plaintiffs in this action. Ochoa Decl. ¶ 23. After Local 948 became aware that Absalom was representing Plaintiffs, counsel for Local 948 sent several letters to Absalom requesting that Absalom withdraw as counsel for Plaintiffs on the ground that he previously represented Local 948 in a variety of matters. See Rosenfeld Decl., Ex. A, B, D. Absalom refused to withdraw but agreed to turn over to Local 948 closed files pertaining to his representation of the union. Rosenfeld Decl., Ex. C, E.

These files contain, in part, letters pertaining to discrimination claims brought against Local 948 by two former employees of the union. The first letter was sent by Absalom to the California Department of Fair Employment and Housing ("DFEH") with respect to an employment discrimination claim brought by former Local 948 employee Leslie Payne. See Yen Decl. ¶ 6 & Ex. C. The second letter also was sent by Absalom to DFEH in connection with an employment discrimination claim brought against the union by former Local 948 employee Christopher Tiernan. Id. ¶ 8 & Ex. E.

The files also include minutes of Local 948 Executive Board meetings in which pay and

benefits of officers and staff were discussed.[2] Counsel for Local 948 submitted redacted copies of the minutes of two meetings. One of them took place on February 17, 2009. The redacted minutes show that "insurance benefits" and "the Retirees Insurance Benefits Policy" were discussed during the meeting. See Yen Decl. ¶ 10 & Ex. K. The other meeting took place on January 15, 2009. During the meeting, "the Local 948 policies for Health and Welfare for Executive members employed by the Local" and "retiree benefits" were discussed. Id. ¶ 14, Ex. S.

## II. LEGAL STANDARD

A district court has discretion to disqualify or to refuse to disqualify counsel. Gas-A-Tron of Ariz. v. Union Oil Co. of Cal., 534 F.2d 1322, 1325 (9th Cir. 1976) (holding that an order disqualifying counsel or refusing to disqualify counsel will not be disturbed if the record reveals "any sound basis" for the court's order).

Motions to disqualify counsel are decided under state law. In re Cnty. of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000). Attorneys who practice in the United States District Court for the Northern District of California are required to comply with the California Rules of Professional Conduct. See Civil L.R. 11-4(a)(1). Rule 3-310 (E) of the California Rules of Professional Conduct provides:

> A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

The purpose of this rule is to "protect the confidentiality of the attorney-client relationship[.]" People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc., 20 Cal. 4th 1135, 1146 (Cal. 1999).

---

[2] Absalom objects to these documents and to statements made in the Yen Declaration on the ground that Yen "did not submit the complete files, instead referencing parts of files, or summarizing her interpretations of the complete file." Opp'n at 6. Yen declares that she did not submit complete files for confidentiality reasons. Yen Decl. ¶¶ 1-18. The Court concludes that Absalom's objections are irrelevant to the determination of this motion. The resolution of the motion turns on the source of the documents referenced in and attached to the Yen Declaration, and Absalom does not dispute that such documents were in his possession prior to this litigation. He also does not contend that Yen's description of the documents is inaccurate or that the excerpts that Yen attached to her declaration did not come from his files.

"[A]ctual possession of confidential information need not be proved in order to disqualify the former attorney. It is enough to show a 'substantial relationship' between the former and current representation" H. F. Ahmanson & Co. v. Salomon Bros., Inc., 229 Cal. App. 3d 1445, 1452 (Cal. Ct. App. 1991) (citation omitted). Successive representations are substantially related where the facts support a "rational conclusion that information material to the evaluation, prosecution, settlement or accomplishment of the former representation given its factual and legal issues is also material to the evaluation, prosecution, settlement or accomplishment of the current representation given its factual and legal issues." Jessen v. Hartford Casualty Ins. Co., 111 Cal. App. 4th 698, 713 (Cal. Ct. App. 2003) (citations omitted). The determination of whether a substantial relationship exists requires "an inquiry into the similarities between the two factual situations, the legal questions posed, and the nature and extent of the attorney's involvement with the cases." Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft, 69 Cal. App. 4th 223, 234 (Cal. Ct. App. 1999).

Where the requisite substantial relationship exists, "access to confidential information by the attorney in the course of the first representation (relevant, by definition, to the second representation) is *presumed* and disqualification of the attorney's representation of the second client is mandatory; indeed, the disqualification extends vicariously to the entire firm." Flatt v. Sup. Ct., 9 Cal. 4th 275, 283 (Cal. 1994) (emphasis in original).

### III. DISCUSSION

Local 948 moves to disqualify Absalom from representing Plaintiffs in this matter on the ground that Absalom represented Local 948 in a wide range of matters, including discrimination claims brought against the union by former employees. Local 948 argues that because of Absalom's involvement in these diverse matters over the course of several years, Absalom was essentially general counsel for Local 948 and it is very likely that Absalom received confidential and sensitive information about Local 948's employee policies and the union's handling of discrimination claims brought by staff or former staff.

Absalom opposes the motion, arguing that he was never general counsel for Local 948, that he was never included in discussions pertaining to the formulation or adoption of employment

policies or practices for Local 948, and that he never provided any legal advice to Local 948 in connection with the same. Opp'n at 9.

The Court concludes that Absalom and his firm must be disqualified from representing Plaintiffs in this action, because a substantial relationship exists between the successive representations.[3] Absalom previously represented Local 948 in disability discrimination claims brought by former union employees. Information material to Absalom's representation of the union in connection with those claims also is material to the current representation, because the factual contexts of the two representations are related, as Plaintiffs have asserted a claim for age discrimination against the union in this action. See Trone v. Smith, 621 F.2d 994, 998 (9th Cir. 1980) ("Substantiality is present if the factual contexts of the two representations are similar or related.").

The letters that Local 948 have submitted, which came from Absalom's files, contain Absalom's substantive responses "to each facet of the complaint" and to the DFEH's requests for documents. See Yen Decl., Ex. C, E. Indeed, each letter analyzes and refutes the discrimination allegations of the former employees. Id. Further, Absalom attached to each letter "all documentation" within Local 948's possession pertaining to the claims at issue. Id. It is reasonable to presume that, in order to draft the letters and collect the attached documents, Absalom had to familiarize himself with the policies and practices of the union with respect to its handling of employment discrimination claims, as well as with other confidential information material to the evaluation, defense, or settlement of such claims.

Given that knowledge of Local 948's policies, practices, and handling of employment discrimination claims is material to the evaluation, defense, or settlement of the discrimination claim in this case, a substantial relationship exists between the successive representations and Absalom and his firm therefore must be disqualified. Flatt, 9 Cal. 4th at 283 (emphasis in original) (holding that where the requisite substantial relationship exists, "access to confidential information by the attorney in the course of the first representation (relevant, by definition, to the

---

[3] The Court does not address the question of whether Absalom was Local 948's general counsel, because such an inquiry is unnecessary to the determination of this motion.

1  second representation) is *presumed* and disqualification of the attorney's representation of the
2  second client is mandatory; indeed, the disqualification extends vicariously to the entire firm");
3  see also Trone, 621 F.2d at 998 ("If there is a reasonable probability that confidences were
4  disclosed which could be used against the client in later, adverse representation, a substantial
5  relation between the two cases is presumed."). That the discrimination claims in the prior
6  representation are not identical to the discrimination claim at issue in this case does not affect this
7  conclusion. Id. at 1000 ("The substantial relationship test does not require that the issues in the
8  two representations be identical.").

9  Absalom does not dispute that he represented Local 948 in connection with these
10 discrimination claims. Rather, his opposition to Local 948's motion is premised on the argument
11 that a substantial relationship between the successive representations does not exist because his
12 representation of Local 948 with respect to the discrimination claims "was limited to providing the
13 DFEH with information and statements of position explaining the basis for the claimants' prior
14 terminations" and these communications were "limited to the facts of the particular claims and did
15 not include any analysis or review of Local 948's general employment policies or practices."
16 Opp'n at 10.

17 This argument is insufficient to preclude Absalom's disqualification. In the context of
18 motions for disqualification, "[t]he underlying concern is the possibility, or *appearance of the*
19 *possibility*, that the attorney may have received confidential information during the prior
20 representation that would be relevant to the subsequent matter in which disqualification is sought."
21 Trone, 621 F.2d at 999 (emphasis added). Absalom's representation of Local 948 in connection
22 with the discrimination claims creates the appearance that he was privy to confidential information
23 that may be relevant to the claims in this action. Absalom's argument that his involvement in the
24 prior representation was "limited" does not eliminate this appearance. See id.

25 Moreover, though the appearance of access to confidential information is sufficient for
26 disqualification, Local 948 has shown that Absalom *actually had possession* of confidential
27 information relevant to the claims in this action. Indeed, Local 948 has shown, and Absalom does
28 not dispute, that Absalom had in his possession until very recently copies of confidential minutes

6

of Executive Board meetings in which employee and retiree benefits, such as the ones at issue in this action, were discussed. See Yen Decl. ¶¶ 10,14 & Ex. K, S. Absalom's only argument on this issue is that he did not participate in the meetings during which these benefits were discussed, and that he never provided any legal advice to the union with respect to the formulation or enactment of the union's benefits policies. This contention does not nullify the fact that he had access to confidential information that Plaintiffs in this action could use to prosecute their claims.

Accordingly, both Absalom and his firm must be disqualified.

## IV.     CONCLUSION

Local 948's motion to disqualify Absalom and his firm is TENTATIVELY GRANTED.